UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ANDREA RUDD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:22-cv-00201-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| UNITED STATES OF AMERICA *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Jacob Salcido's Motion to Dismiss. [R. 12.] Plaintiff Andrea Rudd sued Mr. Salcido for two sexual assaults that occurred while she was a federal prisoner. Ms. Rudd bases her claim on the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Salcido now asks the Court to dismiss the claim because the statute of limitations has passed. Because Ms. Rudd does not contest the applicability of the statute of limitations, the Motion to Dismiss **[R. 12]** is **GRANTED**.

**I**

While incarcerated for federal crimes, Ms. Rudd resided in Federal Medical Center Lexington. [R. 1 at 1–2.] The Bureau of Prisons employed Mr. Salicido as a correctional officer at FMC Lexington. *Id.* at 2. In September of 2020, Ms. Rudd recalls Mr. Salcido summoning her to a prison hair salon. *Id.* at 12. There, Mr. Salcido allegedly forced Ms. Rudd to fellate him and then engaged in sexual intercourse without her consent. *Id.* On a subsequent occasion, Mr.

Salcido allegedly trapped Ms. Rudd in an officer's station and kissed her as she attempted to escape. *Id.* at 13. This last assault allegedly occurred in February of 2021. *Id.*

On August 4, 2022, Ms. Rudd sued the United States of America and Mr. Salcido. Against Mr. Salcido, Ms. Rudd brings a claim for subjecting her to cruel and unusual punishment and violating her right to due process under color of federal law based on the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Salicido moved to dismiss the claim against him. [R. 12.] Ms. Rudd did not oppose the motion. The matter is now ripe for review.

## II

Mr. Salcido asks the Court to dismiss the *Bivens* claim pursuant to Rule 12(b)(6). [R. 12.] He argues that the Court should not imply a new *Bivens* action under these facts. *Id.* at 2. He also invokes the statute of limitations as a complete defense. *Id.* at 8. Because the statute of limitations is dispositive, the Court need not determine whether Ms. Rudd could state a viable claim under *Bivens*.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility. *See id.* ("[F]acts that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility.")  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

A district court may grant a Rule 12(b)(6) motion on statute of limitations grounds where "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Campbell v. Grand Trunk W.R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). "If the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id*.

State law defines the length of the statute of limitations for a *Bivens* claim. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005); *see also Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (applying Tennessee law). More particularly, federal courts apply the time limit established by the state in which the alleged constitutional torts occurred. *Zundel*, 687 F.3d at 281. Under Kentucky law, *Bivens* claims have a one-year statute of limitations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987)); Ky. Rev. Stat. Ann. § 413.140(1)(a) (LexisNexis 2023).  The statute of limitations for a *Bivens* claim begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Mason v. Dep't of Just.*, 39 F. App'x 205, 207 (6th Cir. 2002) (quoting *McCune v City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)); *see also Johnson*

*v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (applying the same rule in the context of a Section 1983 claim).

      Here, Ms. Rudd alleges that Mr. Salcido last assaulted her in February of 2021. [R. 1 at 13.] But she did not file suit until August of 2022. *Id.* at 1. Facing silence from Ms. Rudd, the natural conclusion is that she became aware of her injuries immediately and that she has no argument that the statute of limitations was tolled. Therefore, the complaint came approximately six months too late. Given that Ms. Rudd bears the burden of establishing an exception to the statute of limitations, her silence demands dismissal. *Campbell*, 238 F.3d at 775.

### III

      Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Jacob Salcido's Motion to Dismiss **[R. 12]** is **GRANTED**; and
2. Count Five of the Complaint is **DISMISSED** without prejudice.

      This the 31st day of July 2023.

Gregory F. Van Tatenhove
United States District Judge